# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

NITZA RIVERA-COLÓN,

Plaintiff,

v.

FRANK J BISIGNANO, Commissioner of Social Security,

Defendant.

CASE NO. 19-1798 (SCC-HRV)

## OPINION AND ORDER

Pending before the Court is the "Petition for Authorization of An Attorney Fee Pursuant to the Social Security Act § 206(b)" filed by Attorney Pedro Cruz-Sánchez ("Attorney Cruz-Sánchez"). (Docket Nos. 21, 24). Attorney Cruz-Sánchez moves the Court to authorize an award of $5,500.00 under 42 U.S.C. § 406(b) and in accordance with the contingency fee contract he had with Plaintiff Nitza Rivera-Colón. The Commissioner of Social Security (hereinafter, "the Commissioner") does not oppose Attorney Cruz-Sánchez's request for attorney fees and defers to the Court's decision. (Docket No. 26).

For the reasons set forth below, the motion for attorneys' fees is **GRANTED**, provided that the fees previously awarded by the Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), are refunded to Plaintiff.

1

## I.     BACKGROUND

Plaintiff Nitaza Rivera-Colón signed a contingency fee agreement with Attorney Cruz-Sánchez in which Plaintiff agreed to pay Attorney Cruz-Sánchez Section 406(b) fees that could be requested and capped at 25% of any past-due Social Security Benefits. (Docket No. 21-1). Attorney Cruz-Sánchez represented Plaintiff before this Court seeking review of an unfavorable decision by the Commissioner denying her claim of disability benefits. (Docket Nos. 3, 14). After Plaintiff submitted her brief, on February 5, 2020, the Commissioner filed a consent motion to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket No. 14). The Court obliged and judgment was entered accordingly on February 6, 2020. (Docket Nos. 15-16).

Subsequently, on May 1, 2020, Plaintiff filed a motion for attorney's fees and costs under the EAJA, 28 U.S.C. § 2412. (Docket No. 17). The Commissioner stipulated as to the amount in Plaintiff's motion for EAJA fees. (Docket No. 18.). The Court awarded counsel $1,503.57 in attorney's fees and costs under the EAJA. (Docket No. 19).

On April 25, 2020, the Social Security Administration issued a Notice of Award ("NOA") granting Plaintiff past due benefits in the amount of $59,709.85 for May 2009 through March 2020. (Docket No. 21-2). More than two years later, on July 18, 2022, Plaintiff received notice that the Commissioner issued a favorable decision on remand. (Docket No. 21-2). In awarding past due benefits to Plaintiff, the Commissioner withheld $20,227.15 for attorneys' fees, calculated to be 25% of the total amount due. (*Id.* at 3). On November 25, 2020, the Commissioner sent an "Important Information" notice to Plaintiff informing her that the agency had withheld $20,227.15 when [it] should have withheld $19,651.00. *(*Docket No. 26 at 5). The notice also informed that the Social

2

Security Administration was releasing the excess withheld amount of $576.15 to Plaintiff. (*Id*.).

On July 18, 2022, Attorney Cruz-Sánchez requested the payment of attorney's fees pursuant to Section 406(b). (Docket Nos. 21, 24). Plaintiff's counsel requests $5,500.00 in attorney's fees which is lower than Section 406(b)'s 25% cap. He argues that the demand is reasonable, and the motion was timely filed. (*Id*.). The Commissioner neither supports nor opposes the request. (Docket No. 26). He defers to the Court on the questions of timeliness and reasonableness and points out that any previous EAJA award must be returned to Plaintiff. (*Id*.).

## II. APPLICABLE LAW

Section 206(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b). Even though the statute does not specify a deadline for requesting attorneys' fees, the District of Puerto Rico Local Rules provide that

> [a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld. The Commissioner shall have thirty (30) days after receipt of the request to respond.

D.P.R. Local Civ. R. 9(d)(2) (March 4, 2022) (Misc. 03-115 (RAM), Docket No. 71-1).

The Supreme Court has held that contingent fee agreements are permissible in matters involving Social Security benefits claimants. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the Court must be satisfied "that the fee sought is reasonable for the services rendered . . . based on the character of the representation and the results the representative achieved." *Id.* at 807-08. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* at 808. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id.* (citations omitted). And, if Plaintiff's attorney was awarded fees pursuant to the EAJA, the attorney must refund to the smaller fee amount to Plaintiff. *See Gisbrecht*, 535 U.S. at 796.

### III.   DISCUSSION

### A.   Timeliness

Plaintiff received the Social Security Administration NOA letter dated April 25, 2020, on June 28, 2022, via fax. (Docket No. 21-2). Counsel filed the motion on July 18, 2022. (Docket No. 21). The Commissioner does not dispute that counsel for Plaintiff received the NOA on June 28, 2022. (Docket No. 26 at 3-4). As noted, a thirty-day filing deadline applies to 406(b) motions and the countdown to this deadline begins upon delivery of an original or amended NOA to counsel. D.P.R. Civ. R. 9(d)(2); *see also Pais*

*v. Kijakazi*, 52 F.4th 486, 494 (1st Cir. 2022). As such, counsel's motion for attorney's fees is timely.

**B.      Reasonableness of Fees**

Plaintiff's counsel requests a total of $5,500.00 in attorney's fees. (Docket Nos. 21, 24). Counsel states that he spent 8.3 billable hours on Plaintiff's representation in federal court. This equates to a de facto hourly rate of $662.65. As noted, the Commissioner does not oppose counsel's fee amount in this matter.

It is up to the courts to determine whether the amount requested pursuant to 406(b) is reasonable. *See Alvarez-Roman v. Comm'r of Soc. Sec.*, 2025 WL 712998, at *4 (D.P.R. Mar. 5, 2025). Here, the fee requested conforms with Plaintiff's contingent fee agreement and complies with the statutory cap by not exceeding the 25 percent statutory limit. There is also no indication that the terms of the contingent fee agreement reached by Plaintiff and Attorney Cruz-Sánchez were unreasonable. *See Alvarez-Roman v. Comm'r of Soc. Sec.*, 2025 WL 712998, at *4 ("Though courts have the duty to serve as an independent check regarding the reasonableness of fees requested pursuant to § 406(b), this duty must be balanced against a client and his attorney's free and willful decision to enter into a contingency-fee agreement and their right to have that agreement upheld").

Additionally, Plaintiff's counsel's work in this Court was not substandard. On the contrary, it prompted a motion for remand that subsequently resulted in a favorable decision at the agency level and an award of past due benefits. Third, there is no indication of undue delay or improper conduct by counsel. Finally, the effective hourly rate is consistent with (actually lower than) amounts courts in this circuit have previously

deemed reasonable. *See, e.g., Alvarez-Roman v. Comm'r of Soc. Sec.*, 2025 WL 12998 at *4-5 (D.P.R. Mar. 5, 2025) (approving de facto rate of $864.52); *Piñeiro-Fuentes v. Comm'r of Soc. Sec.*, No. 18-CV-1556 (MDM), 2023 WL 6605907, 2023 U.S. Dist. LEXIS 6605907, at *14 (D.P.R. Oct. 10, 2023) (approving de facto hourly rate of $1,010 for 19.8 hours of work on case involving post-briefing voluntary remand); *Heather C. v. Dudek*, No. 22-cv-103-SDN, 2025 WL 1359208, 2025 U.S. Dist. LEXIS 88674, at *4 (D. Me. May 9, 2025) (approving a Section 406(b) fee with an effective hourly rate of $2,158.20); *Christopher H. v. Kijakazi*, No. 28-cv-00355, 2022 U.S. Dist. LEXIS 224823, 2022 WL 17668469, at *1 (D. Me. Dec. 14, 2022) (approving a Section 406(b) fee with an effectively hourly rate of $1,190.48); *Weed v. Colvin*, No. 14-cv-271, 2016 WL 3919849, at *2-3 (D. Me. July 15, 2016) (approving a Section 406(b) fee with an effective hourly rate of $1,279.56)).

## IV.    CONCLUSION

Accordingly, the "Petition for Authorization of An Attorney Fee Pursuant to the Social Security Act § 206(b)" (Docket No. 21) is **GRANTED** in full and the Court ORDERS that the amount of $5,500.00 be paid to Attorney Cruz-Sánchez from Plaintiff's past-due benefits. Counsel is ordered to refund to Plaintiff the amount previously awarded pursuant to the EAJA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 9th day of April, 2026.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE